(Nos. 46564, 46565 cons.—

HOYNE SAVINGS & LOAN ASSOCIATION, Appellee, v. FORREST B. HARE *et al.*, Appellants.

*Opinion filed November 27, 1974.*

WARD, J., took no part.

Michael C. Poper, of Crystal Lake (Zukowski, Zukowski, Poper & Rogers, of counsel), for appellant Forrest B. Hare.

William J. Cowlin, State's Attorney, of Woodstock (Haskell M. Pitluck, Assistant State's Attorney, of counsel), for other appellants.

Stevens & Jacobson, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Hoyne Savings & Loan Association, an Illinois corporation, filed a suit in the circuit court of McHenry County against Forrest B. Hare, assessor of Algonquin Township, Walter Dean, chairman of the Board of Supervisors of McHenry County, Audrey R. Walgenbach, county collector, and Willard J. Hogge, secretary to the Board of Supervisors of McHenry County. The action sought a declaratory judgment and injunctive relief restraining the collection of real-estate taxes against the plaintiff's real estate for the year 1971 based on an alleged constructively fraudulent excessive assessment. Prior to the entry of an order in that case the plaintiff filed another action against

the same defendants seeking similar relief with regard to the 1972 real-estate taxes on its property. In both cases the trial court granted the relief prayed and the defendants appealed. The appeals were transferred to this court pursuant to Rule 302(b) (50 Ill.2d R. 302(b)) and were consolidated in this court.

The plaintiff owns approximately 50 acres of vacant land located in Crystal Lake, McHenry County. The entire tract is zoned residential. Part of the land has been platted into a subdivision of approximately 200 lots, 19 of which are improved with sewer lines. About 40 percent of the land is swampy and unusable in its present condition. Only a small portion of the property is serviced by a water main. It was stipulated that the total assessed valuation of the property in 1970 was $9,510 and the taxes on the property for that year were $1,794. In the quadrennial assessment year of 1971 the defendant Hare, the newly elected township assessor, undertook a reassessment of the real estate in Algonquin Township and placed an assessed valuation on the plaintiff's property of $246,810, based on his opinion as to a fair market value of $617,025. The taxes based on this assessment for the year 1971 were $19,022. The defendant Hare testified that in his opinion the best use for a part of the property would be commercial and that the best use for other parts would be multiple-dwelling apartments. He stated that he based his assessment on these considerations even though the existing zoning of the property was residential. He also testified that he assessed all of the approximately 200 lots as being improved with sewers and water, although only 19 of the lots were actually improved with sewers, and a water main served only part of the property. As to the swampy area, he stated that he thought it could be dredged and part of it converted into a lake, thereby enhancing the value of the rest of the property. However, in making the assessment, he did not take into consideration the cost of the additional improvements which he had considered in

arriving at his opinion as to the market value of the property.

The only other witness to testify was a Chicago real-estate appraiser called by the plaintiff who stated that in his opinion the market value of the property was $75,000. The trial court found this amount to be the proper market value.

During the trial it was stipulated that in 1971 the defendant Hare, the newly elected township assessor, did not complete his assessments until December of that year. The Board of Supervisors of McHenry County did not approve the assessment until January of 1972, and publication of the assessment roll for the township was had in the Crystal Lake News on March 14, 1972. Notice of the increased assessment had not been mailed to the plaintiff, and the plaintiff had not made an effort to ascertain the amount of the 1971 assessment prior to the receipt of its tax bill. The plaintiff, Hoyne Savings & Loan Association, whose place of business is located in Cook County, first learned of the increased assessment on its property when it received its tax bill for the 1971 taxes about November 5, 1972. The 1971 real-estate taxes were due and payable on November 24, 1972. At the time the plaintiff received the tax bills—its first notice of the increased assessment—the Board of Review for McHenry County had, of course, completed its hearings on the objections to the assessments upon which the 1971 taxes were based. Thus, the plaintiff sought no relief concerning the 1971 assessment from the Board of Review, and it did not pursue the statutory legal remedy of paying the taxes under protest and filing tax objections pursuant to sections 194 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, pars. 675 and 716). The plaintiff instead elected to file its suit for declaratory judgment and equitable relief on November 22, 1972.

The plaintiff's real-estate taxes for 1972 were based upon the same assessment as were the 1971 taxes. Again, it

did not pursue the administrative remedy before the Board of Review provided by statute (Ill. Rev. Stat. 1971, ch. 120, pars. 588, 589), nor did it pay the 1971 taxes under protest and file tax objections. Instead on August 28, 1973, following the trial of the case involving the 1971 taxes and while the court had that matter under advisement, the plaintiff filed another action in equity seeking the same relief concerning the 1972 taxes that it had sought in the previous case concerning the 1971 taxes. On September 10, 1973, the court filed its memorandum opinion in the 1971 tax case. It was then stipulated that the same evidence should be considered as to the 1972 tax case and the relief prayed was granted in both cases.

The plaintiff, pursuant to court order, had deposited the full amount of the taxes due for both years with the clerk of the circuit court, and in both cases the court in its final orders ordered the amount on deposit in excess of the taxes it found to be due refunded to the plaintiff.

During oral argument before this court it was revealed and agreed that for the year 1973 the McHenry County Board of Review revised the assessed valuation of the plaintiff's property in question and fixed the assessed valuation at approximately $55,000. Based upon this assessed valuation the taxes for the year 1973 were approximately $4,700. Thus, the comparative situation regarding the assessed valuation and taxes for the years 1970, 1971, 1972 and 1973 appears as follows:

|  | 1970 | 1971 | 1972 | 1973 |
|---|---|---|---|---|
| Assessed Valuation | $9,510 | $246,810 | $246,810 | $55,000 |
| Taxes | 1,794 | 19,022 | 19,208.38 | 4,700 |

In this court the defendants argue that our recent decisions in *Clarendon Associates v. Korzen* (1973), 56 Ill.2d 101, and *La Salle National Bank v. County of Cook* (1974), 57 Ill.2d 318, require reversal of the trial court's judgments. The defendants contend that the plaintiff had an adequate remedy at law by way of payments under

protest and tax objections in which it could urge its contention that the assessments were so excessive as to constitute constructive fraud. In *Clarendon* we held that equity will assume jurisdiction in cases involving real-estate taxes where (1) the tax is unauthorized by law and (2) where the tax is levied on exempt property. In other situations equity will grant relief if a special ground for equitable jurisdiction such as a fraudulently excessive assessment exists *and* an adequate remedy at law is not available. In *Clarendon,* as in the present case, the plaintiffs had paid the full amount of the taxes to the clerk of the circuit court and sought a refund of the amount of taxes based on the excessive assessment. We found this to be substantially the same procedure and relief that would be required and granted had the plaintiffs followed the legal remedy provided by statute (Ill. Rev. Stat. 1971, ch. 120, pars. 675 and 716). We took into consideration this prepayment of taxes in determining that the plaintiffs had an adequate remedy at law. However, in *Clarendon,* we also stated: "There will be cases of fraudulently excessive assessments where the remedy at law will not be adequate and injunctive relief should then be available." (56 Ill.2d at 108.) We consider the case as to the 1971 taxes to fall within this exception to the general rule announced in *Clarendon.*

The unusual circumstances present in this case, coupled with the now admitted fact that the assessment for 1971 was grossly excessive, require that equity retain jurisdiction of this case to grant relief to the plaintiff. We note first among these circumstances the dramatic increase in the assessed valuation from $9,510 in 1970 to $246,810 in 1971, on the same property with the same improvements. Although not intending to establish a line of demarcation as to when an assessment will be so excessive as to render the relief at law inadequate, we consider this grossly excessive assessment significant though not necessarily by itself controlling. We also have in this case an

assessment based on uses not permitted by the existing zoning of the property and an assumption that the lots were improved with water and sewer services, whereas only a small part of the tract was so improved.

Additional circumstances which assist in the formation of the total picture requiring equitable intervention are the extremely late date on which the assessor completed the assessments for the year 1971, the publication date, which was several months later than ordinarily expected, the late mailing of the tax bills, and the fact that the first actual notice which the plaintiff had of the increased assessment was after the Board of Review had closed its books for the 1971 taxes. Admittedly, the plaintiff had the same notice as every other taxpayer, and these facts alone do not warrant equitable relief.

Of substantial significance is the revelation made to this court during oral argument that the Board of Review of McHenry County has for the year 1973 substantially reduced the assessed valuation of this property. We do not know whether this reduction was achieved by a certificate of error by the assessor or supervisor of assessments (Ill. Rev. Stat. 1971, ch. 120, par. 526), by a change in assessment by the supervisor of assessments (Ill. Rev. Stat. 1971, ch. 120, par. 576) or by a reduction made by the Board of Review following a hearing on a complaint filed with it by the taxpayer (Ill. Rev. Stat. 1971, ch. 120, par. 589(4)). In any event it appears that the assessing officials of McHenry County have acknowledged that the assessment on which the plaintiff's taxes for 1971 was based was grossly excessive.

Under these circumstances it would be extremely unfair and unjust for this court to adhere to a rigid formula which would require that all relief from fraudulently excessive assessments be sought through the legal remedy provided by statute. This is a proceeding in equity, and a court of equity is not bound by strict formulas (*County of Du Page v. Henderson,* 402 Ill. 179) but may

"shape its remedy to meet the demands of justice in every case, however peculiar." *Geiger v. Merle*, 360 Ill. 497, 508.

The same facts requiring equitable consideration do not exist, however, as to the 1972 taxes. Although the plaintiff had knowledge of the excessive assessment long before the 1972 tax bills were received, it elected not to pursue the remedy provided by statute. Instead it elected to file its suit seeking equitable relief and deposited the amount of the taxes with the circuit clerk. There is nothing here concerning the 1972 taxes which distinguishes this case from *Clarendon*, and we feel that equitable relief as to the 1972 taxes is not warranted.

We therefore remand this case to the circuit court of McHenry County with directions to ascertain the assessed valuation established for plaintiff's property involved in this suit and used in the computation of real-estate taxes on this property for the year 1973. We further direct that the real-estate taxes on the plaintiff's property involved in this suit for the year 1971 be computed on the basis of the assessed valuation of the plaintiff's property used in the computation of the 1973 real-estate taxes. Consideration must, of course, be given to any changes in the condition of the property which may have affected the assessed valuation.

The judgment of the circuit court of McHenry County as to the 1971 taxes is affirmed and the cause remanded with directions to proceed in accordance with directions herein contained. The judgment of the circuit court of McHenry County with regard to the 1972 taxes is reversed.

*Affirmed in part, reversed in part, and remanded with directions.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.