of the record indicates that plaintiffs failed to show defendant was responsible for or had notice of the candy stick in the aisle of the store. Further, plaintiffs failed to establish that the cart was operated in an unsafe or improper manner. Thus the proof did not establish that defendant created a public nuisance as defined in the statute. Since plaintiffs failed to prove the essential elements of their cause of action, the trial court properly refused to submit the nuisance count to the jury.

Another reason for sustaining the action of the trial court is plaintiffs' failure to file an abstract or excerpts from the record. This failure would warrant the dismissal of the appeal. *Frederick Chusid & Co. v. Collins Tuttle & Co.* (1973), 10 Ill.App.3d 818, 295 N.E.2d 74; *Denenberg v. Prudence Mutual Casualty Co.* (1970), 120 Ill.App.2d 68, 256 N.E.2d 71.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGLOON, P. J., and MEJDA, J., concur.

---

*In re* APPLICATION OF BERNARD KORZEN, County Treasurer and Ex-Officio County Collector of Cook County, Illinois.—(JOHN A. HUTTER, Objector-Appellant.)

(Nos. 60383, 60384 cons.;

First District (1st Division)—April 7, 1975.

Opinion by Mr. JUSTICE EGAN.

John A. Hutter, *pro se.*

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Donald P. Smith, Assistant State's Attorneys, of counsel), for appellee.

LA SALLE NATIONAL BANK *et al.,* Plaintiffs-Appellants and Cross-Appellees, *v.* THE THRESHOLDS, Defendant-Appellee and Cross-Appellant.

(No. 59674;

First District (3rd Division)—April 3, 1975.