LOUIS WOLF *et al.*, Plaintiffs-Appellants, v. THOMAS C. HYNES, County Assessor, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 85—503

Opinion filed October 31, 1985.

Thomas J. McCracken, of McCracken & Walsh, of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Henry A. Hauser, Deputy State's Attorney, and Susan Condon and Daniel Cannon, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Louis Wolf, taxpayer, brought this action in the chancery division of the circuit court of Cook County against Thomas C. Hynes, county assessor, and other public officials of Cook County. In his complaint, the taxpayer sought a declaration that the 1982 assessed valuation of $296,480 for the real estate commonly known as the Granada Theatre, and the taxes of $57,488.18 thereon, were grossly excessive, fraudulent and void to the extent they exceeded the required percentage of the fair market value. In addition, the taxpayer sought to enjoin the defendants from collecting those taxes. Although the taxpayer exhausted his administrative remedies prior to instituting this suit, he did not pursue the judicial remedy of payment under protest provided by section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 675). Section 194, in conjunction with section 235, allows a taxpayer to pay the tax under protest, receive a hearing on his objections and if entitled, obtain a refund of the tax. The taxpayer instead alleged in his complaint that section 194 was an inadequate remedy at law "because Plaintiff is unable to fulfill the statutory requirement of payment of the entire 1982 tax of $57,488.18 for a commercial property which has a gross income of $32,197 in 1982."

Defendants moved to dismiss the complaint on the ground that the payment-under-protest procedure was an adequate remedy at law. The trial court granted the defendants' motion and also granted the taxpayer leave to amend his complaint. The taxpayer did not amend his complaint but filed a motion to reconsider the granting of the motion to dismiss. In this motion, taxpayer argued that in determining whether the statutory remedy of section 194 was adequate the trial

court improperly considered the taxpayer's financial status. The motion to reconsider was denied. The taxpayer now appeals the dismissal of the complaint and the denial of the motion to reconsider and raises the issues of: (1) whether taxpayer has stated a cause of action for injunctive relief under *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299; and (2) whether the consideration of the taxpayer's ability to pay under protest denied him equal protection under the law.

■■ The general rule in the area of taxation is that equity will not assume jurisdiction unless there is a special ground for equitable jurisdiction and no adequate remedy at law. (*Lackey v. Pulaski Drainage District* (1954), 4 Ill. 2d 72, 74, 122 N.E.2d 257, 259.) This rule, however, is subject to two exceptions. Where the tax is unauthorized by law or is levied upon exempt property equitable relief is available without a showing of an inadequate remedy at law. *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 105, 306 N.E.2d 299, 301.

The taxpayer does not argue that the instant case falls within the two enumerated exceptions. Instead, the taxpayer points to language in the *Clarendon* opinion which would remove this case from the general rule. Specifically, the court in *Clarendon* suggested that there may be cases of fraudulently excessive assessments where the assessment is so excessive that it renders the remedy at law inadequate. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 108, 306 N.E.2d 299, 303.) Two supreme court cases bear on the issues here.

■ In *First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 444 N.E.2d 126, as in the instant appeal, it was asserted that the assessment was so excessive as to render the remedy at law inadequate because the property did not produce sufficient income to pay the taxes. The court, however, ruled that the payment-under-protest remedy was an adequate remedy at law. The court stated:

> "**** [I]f adequacy of the tax-objection remedy turned upon whether the property being taxed produced sufficient income to pay the protested tax, countless equitable actions might well be brought by the owners of vacant lots and other low-income properties to forestall the payment of their taxes. Such circumstances serve only to promote instability in local government finances, since property taxes are a principle source of revenue for local governments." (*First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 394, 444 N.E.2d 126, 129.)

Applying the rationale of *Rosewell* to this case, we believe the fact that the income is not sufficient to pay the taxes by itself does not render the tax so excessive so that the remedy of payment-under-pro-

test is inadequate.

In contrast, the court in *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833, found that the tax was so excessive that the payment under protest was inadequate and consequently issued an injunction. However, the factual setting in *Hoyne* is far more compelling and distinguishable from the instant appeal. In that case, in addition to the fact that notice of assessment was not given to the taxpayer until after the assessments were certified, the assessment was predicated upon nonexistent improvements. Also, at oral argument the assessing officials admitted that the 1971 taxes were grossly excessive. Unlike the four-fold assessment increase in the instant case, the assessment in *Hoyne* increased 25 times the amount assessed for the previous year. It is significant to note that in determining that the dramatic tax increase was grossly excessive, the court in *Hoyne* cautioned that it was "not intending to establish a line of demarcation as to when an assessment will be so excessive as to render the relief at law inadequate \* \* \*." (*Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 89, 322 N.E.2d 833, 836.) Moreover, the court stated that the excessive assessment was not in itself controlling and referred to additional circumstances that comprised the "total picture" in determining whether equitable relief should be granted.

Considering *Rosewell* and *Hoyne* in the context of the instant case, we do not believe that the remedy was rendered inadequate by the four-fold increase in the assessment nor by the fact that the property did not generate sufficient income. Absent compelling circumstances, as in *Hoyne*, such a situation should not prevail. To conclude otherwise would be to allow exactly what the *Rosewell* court warned against, that is, it would promote instability in local government finances.

■ The second issue is whether the taxpayer was denied equal protection under the law when the trial court, in determining the adequacy of the legal remedy, considered his financial ability to pay the tax under protest. In determining whether a classification violates the equal protection clause, the analysis begins with the presumption that the classification is valid. (*People v. Bales* (1985), 108 Ill. 2d 182, 188.) The party challenging the classification has the burden of proving its unconstitutionality and must specifically set forth in the complaint facts upon which to rebut the presumption of constitutionality. (*People v. McCabe* (1971), 49 Ill. 2d 338, 340, 275 N.E.2d 407, 409; *Illinois Pure Water Committee, Inc. v. Yoder* (1972), 6 Ill. App. 3d 659, 660, 286 N.E.2d 155, 156.) Further, it must be noted that absolute equality

is impracticable in taxation and is not required by the equal protection clause. (*Mutual Tobacco Co. v. Halpin* (1953), 414 Ill. 226, 234, 111 N.E.2d 155, 159.) Likewise the equal protection clause only prohibits classifications which are clearly unreasonable and arbitrary and which bear no reasonable relationship to a proper legislative purpose. *Fox v. Rosewell* (1975), 55 Ill. App. 3d 860, 866, 371 N.E.2d 287, 292.

■ It is clear that under these principles the consideration of financial ability to pursue the payment-under-protest remedy is reasonably related to the determination of the adequacy of that legal remedy. One of the main purposes underlying the payment-under-protest remedy is to insure that the functioning of government is not weakened by protracted delays in the collection of taxes. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 106-08, 306 N.E.2d 299, 302-03.) Since the enactment of the statute it has been frequently stated that the procedure thereunder provides an adequate remedy at law. (See *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252; *Ames v. Schlaeger* (1944), 386 Ill. 160, 53 N.E.2d 937; *In re Application of Korzen* (1975), 27 Ill. App. 3d 634, 327 N.E.2d 138.) However, as the court noted in *Hoyne*, there will undoubtedly be circumstances where "it would be extremely unfair and unjust for [the] court to adhere to a rigid formula which would require that all relief from fraudulently excessive assessments be sought through the legal remedy provided by statute." (*Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 90, 322 N.E.2d 833, 837.) Thus, there will be a few rare cases where the taxpayer will be unable to utilize the statutory remedy. It seems apparent that one factor reasonably related to whether a taxpayer can bypass section 194 is whether the taxpayer is financially able to pay the taxes. A taxpayer that has the means to comply with the legal remedy cannot be said to need the intervention of equity. The statutory remedy is not inadequate for someone who can pay. To allow otherwise would invite the concerns expressed in *Clarendon* that "[s]erious impairment of the collection of taxes could result, and the operation of governmental units could be seriously affected." (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 108, 306 N.E.2d 299, 303.) For these reasons we believe that the consideration of the taxpayer's ability to pay under protest does not create classifications violative of the guarantees of equal protection but rather serves to effectuate the goals of section 194.

We also find that the taxpayer's argument that consideration of his financial status is not rationally related to the assessment of *ad valorem* taxes is without merit. Nowhere is it alleged that the taxing

officials used the taxpayer's financial status to determine the amount of the tax. As the analysis above demonstrates, the proper focus is on the relationship between the ability to pay under protest and the adequacy of the legal remedy, not the nature of the tax itself.

Under the standards set forth above, we do not believe that the taxpayer has met his burden of proving the unreasonableness or arbitrariness of considering the financial ability of a taxpayer to comply with section 194 of the Revenue Act of 1939.

For the foregoing reasons the orders of the circuit court of Cook County dismissing the complaint and motion to reconsider are affirmed.

Affirmed.

LINN and McMORROW, JJ., concur.