# Illinois Official Reports

## Appellate Court

---

*Hawkins v. Far South CDC, Inc.*, 2013 IL App (1st) 121707

---

| | |
|---|---|
| Appellate Court Caption | RAYMOND E. HAWKINS, Individually and as a Representative of All Owners of Record in Special Services Area 45, Plaintiff-Appellant, v. FAR SOUTH CDC, INC., THE CITY OF CHICAGO, MARIA PAPPAS, in Her Capacity as Cook County Treasurer, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-12-1707 |
| Filed | November 26, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of plaintiff's amended complaint challenging the validity of an ordinance creating a special service area under article 27 of the Property Tax Code on the ground that the action was not brought under the provisions of the Code was reversed and the cause was remanded for further proceedings, since plaintiff's declaratory judgment action was proper under the circumstances. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-22804; the Hon. Alfred J. Paul, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Law Offices of John S. Xydakis, P.C., of Forest Park (John S. Xydakis, of counsel), for appellant.

Stephen R. Patton, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and J. Mark Powell, Assistant Corporation Counsel, of counsel), for appellees.

Panel

PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion.
Justices Harris and Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    The question before this court on appeal is whether a challenge to an ordinance creating a special service area (SSA) under article 27 of the Property Tax Code (Code) (35 ILCS 200/art. 27 (West 2010)) must be brought pursuant to the provisions of the Code. The circuit court in this case held that it must and dismissed plaintiff Raymond Hawkins' first amended class action complaint (amended complaint) pursuant to section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2010)) on the grounds that it was not brought within the time limits for a tax objection under the Code. On appeal, plaintiff contends that the circuit court erred in dismissing his amended complaint pursuant to the provisions of the Code where SSA 45 is "unauthorized by law." For the following reasons, we reverse and remand.

¶ 2                                      I. BACKGROUND

¶ 3    The record shows, in relevant part, that on December 2, 2009, the Chicago city council enacted an ordinance creating SSA 45 within the boundaries of "both sides of Halsted Street, between the north side of 115th Street and the south side of 99th Street; both sides of 103rd Street, between Morgan Street and Lowe Avenue; and along Vincennes Avenue, between North [*sic*] 115th Street and 111th Street." The ordinance authorized special services for the area including but not limited to: "recruitment of new businesses to the Area, rehabilitation activities, maintenance and beautification activities, security, coordination or promotional and advertising activities, strategic planning for the Area, and other technical assistance activities to promote commercial and economic development." To produce the revenue required to provide these services, it also authorized the levy of a "Services Tax" upon the taxable

property within the area in an amount "not to exceed an annual rate of three percent (3%) of the equalized assessed value of the taxable property within the Area."

¶ 4   On June 27, 2011, plaintiff, on behalf of all owners of record within SSA 45, filed a two-count class action complaint in the chancery division of the circuit court of Cook County against Far South CDC, Inc. (Far South), the City of Chicago (City), and Maria Pappas (Treasurer). He alleged that the ordinance creating SSA 45 caused his and other property owners' real estate taxes to "skyrocket" and complained that "SSA 45 is duplicative of the services the City taxes for, and should be providing to, its residents." In count I, plaintiff sought to void the ordinance creating SSA 45 on two grounds. First, he claimed that the application for SSA 45 was not signed by an owner of record within the proposed special services area as required by section 27-20 of the Code (35 ILCS 200/27-20 (West 2010)). Second, he claimed that the ordinance was not recorded within 60 days after the date the ordinance was adopted as required by section 27-40 of the Code (35 ILCS 200/27-40 (West 2010)). In count II, alternatively, plaintiff raised a tax objection to the 2009 taxes paid by owners of record in SSA 45. In his prayer for relief, plaintiff requested, *inter alia*, an order that the ordinance creating SSA 45 was void, removal of the levy from tax bills, a refund of all funds collected under SSA 45, a declaration that the challenged tax rate was illegal or void, and a refund of any taxes adjudged to be illegal or void.

¶ 5   On July 22, 2011, the City filed a motion to transfer the case from the chancery division to the county division on the grounds that plaintiff's complaint was a "tax objection" under the Code and therefore properly heard in the county division. Plaintiff then filed a motion for class certification and a first amended complaint (amended complaint) in which he retained the count seeking to void the ordinance creating SSA 45, but omitted the tax objection count. In the prayer for relief of the amended complaint, plaintiff sought an order that the ordinance creating SSA 45 was void and did not request a refund of his taxes.

¶ 6   On October 24, 2011, the circuit court, after hearing argument, transferred the case to the county division. About that time, all three defendants also filed combined motions to dismiss plaintiff's amended complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2010)). Each asserted, *inter alia*, that the amended complaint should be dismissed pursuant to section 2-619 because plaintiff did not timely file his claim under the Code. The City and Treasurer attached to their respective motions the affidavit of Patrick Nester, the director of operations in the office of the Cook County Treasurer. Nester averred that the second-installment real estate taxes for the 2009 tax year were due on December 13, 2010, and that penalties began to accrue for the second-installment real estate taxes on December 14, 2010.

¶ 7   On May 1, 2012, the court heard argument on defendants' motions to dismiss. At the hearing, the City argued that "no matter what label you put on this case, it's a tax rate objection" because "[t]he essential allegations are that some part of the 2009 tax levy was illegal, which made the levy improper and the plaintiffs' taxes too high." Further, the City argued, it was "a legally defective rate objection" because "it was filed outside the statute of limitations for rate objections." The Treasurer similarly argued:

"It is my reading of their complaint that what they're really complaining of is the amount of taxes they had to pay. And although they don't contain a prayer for relief requesting that money back, it seems that that is what they are concerned with.

If [plaintiff] and the remaining of the proposed class want their 2009 real estate taxes refunded to them, they need to follow the statute, and the statute requires a timely filed specific objection complaint."

Both Far South and the Treasurer also argued that the amended complaint failed to state a cause of action against them.

¶ 8        Plaintiff initially responded to Far South's and the Treasurer's arguments that there were no allegations against them by asserting that they were necessary parties because "at some point down the line, if relief is granted for us, they are going to need to do certain things." He then proceeded to argue that the ordinance creating SSA 45 was void and disputed that a challenge to the validity of the ordinance should be brought as a tax objection, arguing:

"[The City] want[s] you to plead a tax objection case. So what would be the ramifications of that? We're going to parade in 5,000 property owners that are going to say the same thing and the same allegations? Would we have different judges then making different determinations as to whether the ordinance is void or not, and then risk inconsistent judgments?

It's a very straightforward and simple case. It's simply whether the City met the requirements to set up an ordinance. That is not a property tax objection case. You don't even need to look at the property tax bills. All you need to do is look at the ordinance, look at the statute, and say, Are the requirements met? That's what the judiciary does. That's not what the property tax assessor does over there."

¶ 9        The circuit court ultimately disagreed with plaintiff's argument and found that the case was essentially an untimely filed tax objection. The court noted:

"I understand the issues here very clearly and what [plaintiff is] attempting to do, but the fact of the matter is this: There is a statute in place that provides remedy for all causes of action dealing with taxes. Fair enough?

Whether it's an assessment case, whether there's something wrong with this SSA, what you are saying is if you would have brought a lawsuit in this case in a timely matter, you might have won. Do you understand what I'm saying? But you didn't bring it in a timely matter; you didn't bring it within 165 days.

So very easily this issue gets down to this: Is this a property tax code case? And I'm saying it is. If it's a property tax code case, as you said in the wrongful death cases, the statute says this is what you have to do: You have to pay on time, which you did, but you've got to file it within 165 days, which you did not do."

The court also found that plaintiff could have obtained relief under the Property Tax Code by way of a timely challenge to the validity of SSA 45, explaining:

"Your motion is really a declaratory judgment action because you're asking for one thing, declare that SSA illegal, didn't do it right, didn't do something within 30 days; the guy that signed the petition isn't any good.

- 4 -

If all of those things were true and you had filed an action under the property tax code, you could have got relief here, assuming that what the City did would not comply with the SSA section of 27, *et al*.

But you have to bring it under the umbrella of the property tax code. You didn't."

The court thus granted defendants' motions to dismiss pursuant to section 2-619(a)(5) based on plaintiff's failure to file his "tax objection" within the 165-day time limit of the Code. The court declined to rule, however, on defendants' motions to dismiss pursuant to section 2-615.

¶ 10                                                   II. ANALYSIS

¶ 11        "[A] motion to dismiss under section 2-619(a) of the Code [citation] admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint that defeats the cause of action." *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). We review *de novo* the dismissal of a complaint pursuant to section 2-619. *Kean*, 235 Ill. 2d at 361.

¶ 12        In this appeal, plaintiff contends that the circuit court erred in dismissing his amended complaint as an untimely tax objection. Specifically, he claims that his challenge to the SSA 45 ordinance was properly brought as a declaratory judgment action because such a challenge falls under the "unauthorized by law" exception to the general rule requiring a taxpayer to seek the relief provided by statute.

¶ 13        The general rule referred to by plaintiff is that " '[i]n the field of taxation *** equity will not assume jurisdiction to grant relief where an adequate remedy at law exists.' " *Schlenz v. Castle*, 115 Ill. 2d 135, 141 (1986). There are two exceptions to this general rule: "a taxpayer need not look to the remedy at law but may seek injunctive or declaratory relief in circuit court where the tax or assessment is unauthorized by law or where it is levied upon property exempt from taxation." *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 296 (2010).

¶ 14        As our supreme court has noted, "public officials have no taxing power except that which is delegated to them by the legislature." *Millennium Park*, 241 Ill. 2d at 295. "The obligation of citizens to pay taxes is purely a statutory creation, and taxes can be levied, assessed and collected only in the manner expressly spelled out by statute." *Millennium Park*, 241 Ill. 2d at 295. "A tax is therefore 'unauthorized' when the taxing body has no statutory power to tax." *Millennium Park*, 241 Ill. 2d at 295.

¶ 15        Defendants maintain that the above-stated exception does not apply in this case. They argue that the amended complaint was properly dismissed because plaintiff filed it outside the 165-day window for bringing a tax objection complaint.

¶ 16        The record shows that on June 27, 2011, plaintiff filed a two-count class action complaint in the chancery division: in count I, plaintiff sought to void the ordinance creating SSA 45; in count II, he raised a tax objection to the 2009 taxes paid by owners of record in SSA 45. The City moved to transfer the case out of the chancery division on the grounds that plaintiff's "tax objection complaint" should be heard in the county division. However, while that motion was pending, plaintiff filed an amended complaint removing the tax objection count and retaining the count in which he sought to void the ordinance creating SSA 45. Notwithstanding this

change, the circuit court transferred the instant case to the county division. The court then eventually dismissed plaintiff's amended complaint as an untimely tax objection.

¶ 17     We initially note that the circuit court acted within its discretion when it transferred plaintiff's declaratory judgment action from the chancery division to the county division. The General Orders of the Circuit Court of Cook County provide that "[a]ny action or proceeding may be heard or tried in any courtroom in the Circuit Court of Cook County, regardless of the department, district or division in which the case was filed or for which the courtroom is regularly used." Cook Co. Cir. Ct. G.O. 1.3(a) (eff. Aug. 1, 1996). Further, "[f]or the convenience of parties and witnesses and for the more efficient disposition of litigation, a judge, upon motion of any party may transfer any action pending before that judge to the Presiding Judge of the division or district for the purpose of transferring the action to any other department, division or district." Cook Co. Cir. Ct. G.O. 1.3(d) (eff. Aug. 1, 1996).

¶ 18     The propriety of the transfer notwithstanding, we agree with plaintiff that the circuit court erred in dismissing his amended complaint as an untimely tax objection under the Code, though for a different reason than he asserts. As discussed below, we find no indication that a challenge to an SSA ordinance must be brought as a tax objection under the Code. Thus, where plaintiff brought a declaratory judgment action to challenge the ordinance creating SSA 45, we find that the circuit court erred in applying the time limitations of article 23 to bar his claim.

¶ 19     The procedures for filing and adjudicating tax objections are set forth in article 23 of the Code. Section 23-5 provides that "if any person desires to object to all or any part of *a property tax* for any year, for any reason other than that the property is exempt from taxation, he *** shall pay all of the tax due within 60 days from the first penalty date of the final installment of taxes for that year." (Emphasis added.) 35 ILCS 200/23-5 (West 2012). Having made such payment, he then may file a tax objection complaint in the circuit court of the county in which the subject property is located within 165 days after the first penalty date of the final installment of taxes for the year in question. 35 ILCS 200/23-10, 23-15(a) (West 2012). The complaint must name the county collector as defendant and "specify any objections that the plaintiff may have *to the taxes in question*," but "no complaint shall be filed as a class action." (Emphasis added.) 35 ILCS 200/23-15(a) (West 2012). "The court, sitting without a jury, shall hear and determine all objections specified *to the taxes, assessments, or levies in question*." (Emphasis added.) 35 ILCS 200/23-15(b)(1) (West 2012). This is considered to be "a complete remedy for any claims with respect to those *taxes, assessments, or levies*, excepting only matters for which an exclusive remedy is provided elsewhere in this Code." (Emphasis added.) 35 ILCS 200/23-15(b)(1) (West 2012). Moreover, "[t]he *taxes, assessments, and levies* that are the subject of the objection shall be presumed correct and legal, but the presumption is rebuttable." (Emphasis added.) 35 ILCS 200/23-15(b)(2) (West 2012).

¶ 20     As the foregoing provisions of the Code make clear, article 23 applies when a taxpayer is seeking to challenge a tax, assessment, or levy. In the instant case, plaintiff did not object to any tax, assessment, or levy in his amended complaint. Rather, plaintiff specifically omitted a tax objection claim from his amended complaint and solely challenged the ordinance creating SSA 45. The relief he sought was not a refund of taxes, but instead, "an Order voiding the Ordinance for SSA 45." Although plaintiff certainly could have raised his claim as an

- 6 -

objection to his taxes, the record could not be more clear that plaintiff chose *not* to do so and pursued a declaratory judgment to challenge the SSA ordinance instead.

¶ 21        Defendants, nonetheless, attempt to recharacterize plaintiff's amended complaint as a tax objection despite its lacking a formal tax objection claim. The City argues that "[d]espite the label in the complaint, this was effectively a tax objection" because the amended complaint contained a number of allegations objecting to the 2009 second installment taxes for SSA 45. The Treasurer similarly argues that plaintiff's amended complaint was essentially a tax objection where "[s]everal allegations were related to the amount [plaintiff's] 2009 taxes increased between the first and second installments, as well as the duress and harm attributed to the need to pay the real estate taxes."

¶ 22        Plaintiff's amended complaint admittedly contains several allegations regarding the taxes imposed under SSA 45. Plaintiff alleged that SSA 45 appeared on the second-installment tax bills for 2009 and that "the increase between just the first and second installment of 2009 for [plaintiff's] tax bills has been astounding: $21,626.45 to $46,285.98, $9,469.12 to $17,979.06 and $35,317.44 to $43,560.68." He claimed that his total payments went from "$66,413.01 in the first installments to $107,825.72 in the second installments, a whopping 62.36% increase." Plaintiff further took issue with how this tax money was being spent. He alleged that "even though the City collects taxes to provide security to its residents, SSA 45 allegedly will spend some $300,000 a year on 'safety programs' for the area" and that "a great deal of money collected under SSA 45 is going to companies for undefined tasks." As an example, he noted that "an entity named 'C. Johnson & Assoc.' is listed as a 'subcontractor' to be paid some $67,900," but that "the address it lists is a building where it doesn't even appear to have an office, 1056 E. 95th St." He ultimately claimed that "[p]laintiffs have been damaged by being forced to pay under a void ordinance and was [*sic*] forced to pay such under duress" and asserted that "[t]he filing of this Complaint constitutes notice that any further payments are paid under protest."

¶ 23        The materiality of plaintiff's allegations regarding his taxes and the way the money was spent is questionable given that he does not seek a tax refund and is challenging the validity of the ordinance on the unrelated grounds that the application for SSA 45 was not properly signed and that the ordinance was not properly recorded. However, our review is limited to the circuit court's ruling on a section 2-619 motion to dismiss, which admits the legal sufficiency of the complaint. *Kean*, 235 Ill. 2d at 361. Here, plaintiff clearly sought only to challenge the validity of the SSA 45 ordinance where he raised a single claim entitled "**VOIDANCE OF ORDINANCE**" and did not request a refund of taxes. Under these circumstances, we find that the circuit court erred when it interpreted plaintiff's amended complaint as a tax objection.

¶ 24        That said, we also reject the circuit court's ruling that plaintiff's challenge to the SSA 45 ordinance could only be brought under the Code. In *Clarendon Associates v. Korzen*, 56 Ill. 2d 101, 105 (1973), our supreme court noted:

    "In the field of taxation the general rule applies that equity will not assume jurisdiction to grant relief where an adequate remedy at law exists. [Citations.] This general rule has been held by this court to be subject to two exceptions. A taxpayer need not look to the remedy at law but may seek relief by way of injunction where the

tax is unauthorized by law or where it is levied upon property exempt from taxation. These two situations constitute independent grounds for equitable relief and in such cases it is not necessary that the remedy at law be inadequate. [Citations.] In cases involving the two exceptions the remedy provided by statute is not exclusive, but the two remedies, that is, the statutory remedy and the remedy of injunction, are cumulative and the taxpayer may elect to pursue either one. [Citations.]"

¶ 25     The Second District of this court recently identified a number of cases "in which plaintiffs sought declaratory judgments regarding the validity of special service area ordinances, in which there was no suggestion that declaratory judgment (and a full trial on the merits) was an improper vehicle for such a determination." *Peeples v. Village of Johnsburg*, 403 Ill. App. 3d 333, 337 (2010) (citing *Village of Lake Barrington v. Hogan*, 272 Ill. App. 3d 225, 228 (1995), *Sweis v. City of Chicago*, 142 Ill. App. 3d 643, 648 (1986), and *Ciacco v. City of Elgin*, 85 Ill. App. 3d 507, 510 (1980)). We acknowledge, as defendants point out, that *Peeples* addressed an issue not present here, *i.e.*, whether the administrative review law applied in a challenge to the validity of an SSA. We also acknowledge that the plaintiffs in *Peeples* filed their challenge to the SSA ordinance before any taxes had been levied against property owners within the area and therefore did not have a tax objection remedy. The fact nonetheless remains: there is no indication that a declaratory judgment action is an improper vehicle for challenging the validity of a special service area ordinance. Our research has not disclosed a single case holding that a challenge to an SSA ordinance must be brought as a tax objection. Furthermore, in at least one of the cases cited by *Peeples*, plaintiffs filed their declaratory judgment action *after* an SSA tax had been levied. *Sweis*, 142 Ill. App. 3d at 646-47.

¶ 26     The Treasurer has cited *Sullivan v. Board of Commissioners of Oak Lawn Park District*, 318 Ill. App. 3d 1067, 1068 (2001), and *Bass v. South Cook County Mosquito Abatement District*, 236 Ill. App. 3d 466, 467-68 (1992), as cases where courts "refused to entertain the case in equity, and concluded that such an action had to be brought in accordance with the provisions of the statute." However, *Sullivan* and *Bass* are distinguishable because the plaintiffs in those cases were seeking a refund of their property taxes. *Sullivan*, 318 Ill. App. 3d at 1068; *Bass*, 236 Ill. App. 3d at 470.

¶ 27     In sum, we find no indication that a challenge to the validity of an SSA ordinance must be brought under the provisions of the Code. We thus conclude that plaintiff's declaratory judgment action was proper in the instant case and that the circuit court erred in dismissing his amended complaint pursuant to the tax objection procedures of the Code. The order of the circuit court of Cook County dismissing plaintiff's amended complaint is reversed and the cause is remanded for further proceedings.

¶ 28     Reversed and remanded.