GREGORY ALEXANDER *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF TAZEWELL *et al.*, Defendants-Appellees (East Peoria Elementary School District No. 86 *et al.*, Intervenors-Appellees).

Third District   No. 3—88—0663

Opinion filed April 26, 1989.

Frings, Bagley, Atherton & Clark, of Pekin (Thomas M. Atherton, of counsel), for appellants.

Eric I. Blanc, State's Attorney, of Pekin (Stewart J. Umholtz, Assistant State's Attorney, of counsel), for appellees County of Tazewell, Duane Gray, and Russell Strauman.

Laurie M. Judd, Phillip B. Lenzini, and David J. Walvoord, all of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellees East Peoria Elementary School District No. 86 and Central-Columbia Grade School District No. 51.

S. Jeff Funk, of Miller, Tracy, Braun & Wilson, Ltd., of Monticello, for appellee Delavan School District No. 703.

JUSTICE SCOTT delivered the opinion of the court:

This action was brought by the residents of four school districts on behalf of themselves and others similarly situated to enjoin the Tazewell County treasurer from distributing a portion of the real estate taxes held by him and to ultimately obtain a refund of the taxes. A motion for preliminary injunction requesting the court to order the disputed taxes held pending further order of the court was denied by the trial court, and this interlocutory appeal by plaintiffs pursuant to Supreme Court Rule 307(a)(1) followed. No questions are raised on the pleadings.

The essential facts are generally undisputed and were stipulated by plaintiffs and defendants at the trial level. On March 15, 1988, four school districts in Tazewell County passed referenda, pursuant to section 162a of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 643a) to increase the maximum tax rate limit for their educational funds. The tax levies for the 1987 taxes, payable in 1988, prior to the referenda, had been certified by all four school districts. In April of 1988, the Tazewell County clerk computed the taxes to be extended on the previously certified tax levies passed by the respective school districts and extended the new tax rate approved at the March 15, 1988, election. The county treasurer then prepared tax bills based on the county clerk's computations using the increased education fund rate. The tax bills were mailed on April 29, 1988, and payment of the first installment was due June 1, 1988. Sixteen taxpayers in the four districts paid their taxes under protest, alleging that the county clerk improperly extended the new tax rate to the school district levies. None of the plaintiffs herein, however, paid under protest. Plaintiffs'

suit for preliminary and permanent injunction followed on September 16, 1988, contending that the county clerk and treasurer had applied the incorrect tax rate to the tax bills. Three of the affected school districts intervened, and hearings were had on plaintiffs' motions for temporary injunction and certification of class. The trial court determined that the requested injunctive relief must be denied for two reasons: (1) that plaintiffs had an adequate remedy at law, *i.e.,* tax objections, and (2) that a balancing of the competing public interests required the injunction to be denied. Plaintiffs' motion for certification of class was also denied. Plaintiffs residing in three of the districts have appealed to this court. The procedural issue is whether the trial court erred in denying plaintiffs' motion for preliminary injunction. The trial court's denial of plaintiffs' motion for certification has not been raised as an issue on appeal.

■ Section 162a of the Revenue Act of 1939 specifies that if a higher tax rate referendum is approved by the voters in a given district, "the tax rate limit so established shall become effective with the levy next following the referendum." (Ill. Rev. Stat. 1987, ch. 120, par. 643a.) The trial court, as well as defendants, acknowledged that the tax rate used by the county clerk was not proper. Basically, the tax rate approved by referendum in March of 1988 was implemented one year early. Intervenors, East Peoria Elementary School District No. 86 (East Peoria), Central-Columbia Grade School District No. 51 (Central-Columbia) and Delavan Community Unit School District No. 703 (Delavan), however, argue that implementation of the new tax rate was not clearly improper. Nonetheless, we agree with the trial court that the statutory language clearly mandates that the tax rate approved by the voters of the respective school districts, in March of 1988, should not have been used to compute the tax bills issued in April of 1988.

■ The Revenue Act of 1939 also prescribes a taxpayer's legal remedy for objective to improper taxes. Sections 194 and 235 provide that if any taxpayer desires to object to all or part of a real property tax, the taxpayer must pay both installments of the tax due under protest (Ill. Rev. Stat. 1987, ch. 120, par. 675), and file objections to the application for judgment (Ill. Rev. Stat. 1987, ch. 120, par. 716). Although the above-described procedure is generally considered a taxpayer's exclusive remedy in tax cases, our supreme court has prescribed certain exceptions wherein equitable remedies become available to a taxpayer without first following the statutory remedy. In *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299, the court reiterated a long-standing doctrine that "[a] taxpayer

need not look to the remedy at law but may seek relief by way of injunction where the tax is unauthorized by law or where it is levied upon property exempt from taxation." (*Clarendon*, 56 Ill. 2d 101, 105, 306 N.E.2d 299, 301.) The parties acknowledge that neither of these exceptions is applicable to the case at hand. The court further observed, however, that equitable jurisdiction will also arise where special grounds exist, such as fraudulently excessive assessment and the unavailability of an adequate remedy of law. *Clarendon*, 56 Ill. 2d 101, 306 N.E.2d 299.) In *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833, the court considered its prior discussion in *Clarendon* and held that a taxpayer was entitled to equitable relief despite the availability of a remedy at law. Plaintiffs herein principally rely on *Hoyne* as authority for reversal of the trial court. In *Hoyne*, the plaintiff, whose place of business was in Cook County, owned a tract of land in McHenry County which was zoned residential. A portion of the land was subdivided into 200 lots, 19 of which were improved with sewer lines, and 40% of the land was swampy and unusable. The total assessed value of the property in 1970 was $9,510. In 1971, the defendant, a newly elected township assessor, reassessed the property at an assessed value of $246,810 on the belief that the best use for the property would be partially commercial and partially multiple-dwelling apartments, but without consideration of how the property was already zoned. Defendant further made the assessment on the basis that all 200 lots were improved with sewer lines and that the swampy area could be improved by creating a lake, thereby enhancing the value of the entire tract. An independent real estate appraiser opined that the value of the property was $75,000. The assessment for 1971 was not completed by defendant until December of 1971 and was approved by the county board of supervisors in January of 1972. Publication of the increased assessment was had on March 14, 1972, and no other notice of the increased assessment was mailed to plaintiff. Plaintiff's first notice of the increased assessment was upon receipt of the tax bill, approximately November 5, 1972, with the 1971 taxes due and payable on November 24, 1972. At this time, the board of review for McHenry County had completed its hearings on objections to the assessments forming the basis for the 1971 taxes. Plaintiff thus sought no relief from the board of review, did not pay the increased taxes under protest and file tax objections, but, instead, filed a suit for declaratory judgment and equitable relief. Plaintiff's 1972 taxes were based upon the same assessment as were the 1971 taxes and it again elected to forgo any statutory remedies and filed an action in equity on the

same grounds and upon substantially the same evidence as its action based on the 1971 taxes. In 1973, the assessed value of the subject property was revised to $55,000 by the county board of review. The trial court ruled in plaintiff's favor and the assessments were reduced as to both tax years.

On direct appeal pursuant to Rule 302(b), our supreme court determined that the unusual facts as applied to the 1971 taxes fell within the exception to the general rule announced in *Clarendon*, that equity will grant relief upon special grounds and where an adequate remedy at law is unavailable. (*Hoyne*, 60 Ill. 2d 84, 322 N.E.2d 837.) The circumstances upon which the court hinged its decision were the defendant's admission that the 1971 assessment was excessive; the dramatic increase in assessed valuation from 1970 to 1971 without improvements so justifying the increase; the incorrect assumption that all of the property was improved with water and sewer services; the late date of the assessment and subsequent publication; the board of review's procedure for objecting to assessments was not available upon plaintiff's receipt of the tax bills; and that the 1973 tax assessment was substantially reduced by the county board of review. All of these circumstances, the court stated, contributed in "the formation of the total picture requiring equitable intervention." (*Hoyne*, 60 Ill. 2d 84, 90, 322 N.E.2d 833, 836.) As to the 1972 taxes, however, the court determined, based on *Clarendon*, that plaintiff's remedy at law was adequate. *Hoyne*, 60 Ill. 2d 84, 322 N.E.2d 833.

■ Plaintiffs argue that the facts of this case warrant equitable intervention under authority of *Hoyne*. In particular, plaintiffs argue that the lack of time between receiving the tax bill and payment of taxes due was inadequate to give plaintiffs reasonable notice of the improper school district rates; therefore, the remedy at law of paying under protest was impractical. Plaintiffs' first notice of the increased tax rate was by the tax bills mailed April 29, 1988, with the first installment due June 1, 1988. Plaintiffs further suggest that the information contained within the tax bills was so vague and imprecise that it was ineffectual in giving notice of the increased rate. We do not discount the validity of plaintiffs' arguments; however, in *Hoyne*, the court determined that an accumulation of factors created a basic unfairness that required equitable intervention. (*Hoyne*, 60 Ill. 2d 84, 322 N.E.2d 833.) To the contrary, there is not a sufficient accumulation of inequities in this case to warrant a finding that plaintiffs' remedy at law was inadequate. Although plaintiffs apparently received something less than 30 days' notice, there has been no showing that this amount of notice was because of some delay by the county clerk

or treasurer in preparing and mailing the tax bills; nor is there any claim that the information provided within the tax bills was legally insufficient. Moreover, in *Hoyne*, the amount of additional tax to be paid by the plaintiff because of the grossly excessive assessment was thousands of dollars. While acknowledging that a determination of whether an increased tax burden on a taxpayer because of some error is relative to the particular taxpayer affected, plaintiffs herein have not been subjected to such a grossly excessive tax so as to render the remedy at law inadequate.

■ The standard for governing the issuance of a preliminary injunction has been succinctly stated in *Levitt Homes, Inc. v. Old Farm Homeowners' Association* (1982), 111 Ill. App. 3d 300, 307, 444 N.E.2d 194, 198:

> "In order for a preliminary injunction to issue, a plaintiff must establish (1) that he possesses a clearly ascertained right which needs protection, (2) that he will suffer irreparable harm without the injunction, (3) that there is no adequate remedy at law for his injury, and (4) that he is likely to be successful on the merits of his actions." *Levitt Homes, Inc.*, 111 Ill. App. 3d at 307, 444 N.E.2d at 198.

See also *Buzz Barton & Associates, Inc. v. Giannone* (1985), 108 Ill. 2d 373, 483 N.E.2d 1271.

As we have determined above that plaintiffs' remedy at law was adequate, the decision of the trial court denying plaintiffs' motion for preliminary injunction is affirmed.

Finally, a number of motions have been filed with this court, some of which have previously been determined. Those motions requiring comment herein are: (1) appellants' motion for stay seeking to enjoin the Tazewell County treasurer from disbursing the final portion of the 1987 real estate taxes to all of the affected school districts except Central-Columbia and which was previously granted by order entered November 28, 1988, is now lifted; (2) appellants' motion to strike portions of intervenors-appellees East Peoria and Central-Columbia's brief is denied as we have disregarded any information not contained in the record; (3) intervenors-appellees East Peoria and Central-Columbia also filed a motion to amend the record on appeal by submitting all of the documentation regarding those taxpayers in the four school districts that paid their taxes under protest; we consider this documentation relevant, although not determinative, and therefore allow the motion; and (5) intervenor-appellee Central-Columbia moved to dismiss the pending appeal and case with respect to it because this court's order granting appellants' motion to stay was not directed to

it and therefore the Tazewell County treasurer disbursed the remaining portions of the 1987 real estate taxes to the district. Because the stay was not directed to Central-Columbia, on the basis that the plaintiffs residing in the Central-Columbia district chose not to pursue an appeal, the motion is granted.

Affirmed.

WOMBACHER, P.J., and STOUDER, J., concur.