STEVEN I. GIVOT *et al.*, Plaintiffs-Appellants, v. DAVID D. ORR, the County Clerk of Cook County, *et al.*, Defendants-Appellees (Frank J. Perhats *et al.*, Plaintiffs).

First District (4th Division)   No. 1—99—1935

Opinion filed March 22, 2001.

Minard E. Hulse, Jr., of Chicago, for appellants.

Richard A. Devine, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Whitney T. Carlisle, and George P. Cahill, Assistant State's Attorneys, of counsel), for appellees David D. Orr and Edward Rosewell.

Michael J. Waller, State's Attorney, of Waukegan (Jacob Marc Steinfink, Assistant State's Attorney, of counsel), for appellee Willard R. Helander.

Gary W. Pack, State's Attorney, of Woodstock (James P. Kelly, Assistant State's Attorney, of counsel), for appellee Katherine Schultz.

James C. Bakk, of Law Offices of James C. Bakk, of Waukegan, for appellee Community Unit School District No. 220.

JUSTICE BARTH delivered the opinion of the court:

## I. INTRODUCTION

On March 10, 1997, plaintiffs, Steven I. Givot, P. James Perille, Frank J. Perhats, Arden D. Perhats, Thomas J. Roeser, and Jeanette Muench, filed a two-count complaint against defendants, David D. Orr, the county clerk of Cook County (Cook County clerk); Edward Rosewell, the Cook County treasurer; Willard R. Helander, the county clerk of Lake County; Katherine Schultz, the county clerk of McHenry County; Lorraine P. Sava, the county clerk of Kane County; and Community Unit School District No. 220. The complaint sought "relief under section 18—145 of the Illinois Property Tax Code" (35 ILCS 200/18—145 (West 1994)) and declaratory judgment relief. Plaintiffs

Givot and Perille (appellants) appeal from the trial court's order dismissing the complaint. We affirm.

## II. BACKGROUND

The boundaries of Community Unit School District 220 (District 220) include property in Cook, Kane, Lake, and McHenry Counties. Plaintiffs are property owners whose property lies within the boundaries of District 220.

In count I of the complaint, Givot alleged that the Cook County clerk erred in his calculation of the extension of taxes for the District 220 educational and special education funds for tax year 1993 by creating a deficiency in the tax levy. In particular, the complaint alleges that, in the 1992 tax year, the Cook County clerk reduced the tentative extensions for the District 220 educational fund and the District 220 special education fund by $3,397,657 and $49,174, respectively. When multiplied by the Cook County percentage of burden, 47.39%, the Cook County clerk's reduction in extensions produced a net reduction of $1,633,453 in the Cook County portion of the District 220 extension. The complaint further alleges that, for the 1993 tax year, the Cook County clerk illegally created his own district-wide levy of $3,468,866 and denominated it as a "deficiency in tax levy." When multiplied by the Cook County percentage of burden, 47.56%, the Cook County clerk's "deficiency in tax levy" extension produced a net extension of $1,640,281 in the Cook County portion of District 220.

Givot asserted that the "deficiency in levy" resulted in the taxes paid on Givot's property and all other property in the Cook County portion of District 220 being higher than required by law. He further alleged that the Cook County clerk did not abate an amount equal to the excess taxes erroneously extended in the following tax year, as required by section 18—145. The complaint further states that "1994 tax bills have issued, so that the fulfillment of the purpose of Section 18—145 *** can be accomplished only by refunding the excess taxes" to every individual who paid them. Givot sought a judgment declaring that the deficiency in the tax levy was an error in the extension of taxes, ordering the Cook County clerk to calculate the refund due to every individual who paid 1993 taxes based on the error, and ordering the Cook County treasurer to pay the refund to each taxpayer.

In count II, all plaintiffs alleged that the Cook County clerk inflated by $2.3 million the aggregate extension base for the 1995 tax levy for District 220. Plaintiffs alleged that this was an error in the extension of taxes and resulted in the 1995 taxes paid on all property in the Cook County portion of District 220 being higher than required

by law. Plaintiffs further alleged that District 220 brought an action in the circuit court of Lake County asserting that, because the Cook County clerk inflated the aggregate extension base, the county clerks of Lake, Kane, and McHenry Counties must be directed to do the same.[1]

In count II, plaintiffs sought a judgment declaring that the Cook County clerk's inflation of the aggregate extension base was an error and ordering the Cook County clerk to abate an amount equal to the alleged error in the calculation of the aggregate extension base in the 1995 levy year from the property taxes extended for the 1996 levy year as against all property in the Cook County portion of District 220. Further, plaintiffs sought relief in the form of an order setting the aggregate extension base at $45,597,606.51, that the county clerks of Cook, Kane, Lake, and McHenry Counties are to use in the calculation of a uniform aggregate extension base for the 1996 levy year. Also, plaintiffs requested that, if the county clerks of Cook, Kane, Lake, and McHenry Counties were to use a figure higher than the specific amount requested for 1996, then the court declare that to be an error and order an abatement in the 1997 levy year.

District 220 moved to dismiss the complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615, 2—619 (West 1996)), and the Lake County clerk joined in this motion. In its motion, District 220 asserted that the trial court lacked subject matter jurisdiction to provide the relief requested because the tax objection procedure outlined in sections 23—5 and 23—10 of the Property Tax Code (35 ILCS 200/23—5, 23—10 (West 1994)) provides an adequate remedy at law and because section 23—15 of the Property Tax Code (35 ILCS 200/23—15 (West 1994)) prohibits actions seeking class-wide relief.

With regard to count II, District 220 asserted that all plaintiffs other than Givot intervened in the Lake County action referenced in the complaint and that, on February 19, 1997, the circuit court of Lake County entered a final order directing action on the part of the county clerks of Kane, Lake, and McHenry Counties, so that all of the county clerks are using the same aggregate tax extension base figures for the 1996 tax year.[2] Thus, according to District 220, the ruling of the circuit court of Lake County barred count II under the doctrines of *res judicata* and collateral estoppel.

---

[1] The trial court docket number in the Lake County action is 96—MR—540.

[2] The appellate court has affirmed the order of the circuit court of Lake County in 96—MR—540. See *Community Unit School District No. 220 v. Perille*, No. 2—97—0730 (1998) (unpublished order under Supreme Court Rule 23).

The Cook County clerk and the Cook County treasurer (Cook County defendants) moved to dismiss the complaint pursuant to sections 2—615, 2—619, and 2—619.1 of the Code (735 ILCS 5/2—615, 2—619, 2—619.1 (West 1996)). These defendants adopted the contentions of District 220 and further argued that section 18—145 confers neither an equitable nor a private right of action and that Givot failed to exhaust his administrative remedies.

On April 6, 1998, the trial court dismissed the complaint in its entirety. In its written opinion, the trial court concluded that (1) the complaint did not present allegations of an unauthorized tax which would permit a declaratory judgment action, (2) the tax objection process provides an adequate remedy at law, (3) section 18—145 does not grant plaintiffs an implied private cause of action, (4) Givot did not have standing to bring the action because he did not file tax objections for the years in question, and (5) because all plaintiffs other than Givot had tax objections pending in Lake County, their claims were barred pursuant to section 2—619(a)(3) of the Code.

On May 6, 1998, plaintiffs Givot, Perille, Frank J. Perhats, and Arden D. Perhats (moving plaintiffs) moved for reconsideration of the trial court's ruling and sought leave to file an amended complaint. The moving plaintiffs did not attach to this motion a copy of a proposed amended complaint. District 220 filed a timely memorandum opposing the motion for reconsideration. The moving plaintiffs took no action on the motion.

On January 26, 1999, the Cook County defendants filed a motion requesting that the trial court deny the motion for reconsideration on the ground that the moving plaintiffs failed to request a hearing on the motion within 90 days, as required under local rules. On February 23, 1999, the moving plaintiffs filed a "supplement" to their motion for reconsideration. In this filing, the moving plaintiffs averred that the 28 largest taxpayers in District 220 had filed objections regarding the amount of their 1993 taxes. The moving plaintiffs requested that the trial court continue their action pending a decision regarding the tax objections and attached a proposed amended complaint.

The moving plaintiffs proposed the amendment in light of the trial court's comment in its written opinion that, if it were proven in a tax objection proceeding that the Cook County clerk did in fact commit the errors plaintiffs allege, then the court in that matter could order the Cook County clerk to abate the excess taxes in the following year pursuant to section 18—145. The proposed amended complaint added allegations regarding the 28 pending tax objection proceedings and claimed that, if the objectors are successful, then the condition precedent to the granting of relief under section 18—145 will have been satisfied.

On April 21, 1999, the trial court granted the Cook County defendants' motion to deny the motion for reconsideration. This timely appeal followed.

## III. DISCUSSION

### A. *Standard of Review*

■ A motion to dismiss brought pursuant to section 2—615 of the Code challenges only the legal sufficiency of a complaint and alleges only defects on the face of the complaint. *Board of Directors of Bloomfield Club Recreational Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 423 (1999); *Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997). The critical inquiry in ruling upon a section 2—615 motion to dismiss is whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Board of Directors of Bloomfield Club Recreational Ass'n*, 186 Ill. 2d at 424; *Vernon*, 179 Ill. 2d at 344. A cause of action will not be dismissed on the pleadings unless it clearly appears that the plaintiff cannot prove any set of facts that will entitle him to relief. *Board of Directors of Bloomfield Club Recreational Ass'n*, 186 Ill. 2d at 424; *Vernon*, 179 Ill. 2d at 344. In reviewing the circuit court's ruling on defendants' section 2—615 motion to dismiss, we apply a *de novo* standard of review. *Doe v. McKay*, 183 Ill. 2d 272, 274 (1998).

### B. *Availability of Equitable Relief*

■ Plaintiffs seek declaratory relief and rely on section 18—145 of the Property Tax Code as the basis for such relief. Section 18—145 provides:

> "Notwithstanding any other provision of law to the contrary, if, because of an error in the calculation of tax rates or extension of taxes by the county clerk, the taxes paid on any property are higher than required by law, the county clerk shall in the following year abate an amount equal to the excess taxes from the property taxes extended for any tax levy or fund affected by the error. This Section shall not deprive any taxpayer of the right to maintain a tax objection under Sections 23—5 and 23—10 challenging the legality of the county clerk's actions; but the amount of any subsequent tax abatement shall be credited toward the payment of any refund ordered by the court." 35 ILCS 200/18—145 (West 1994).[3]

■ We agree with the trial court that plaintiffs' complaint does not present allegations of an unauthorized tax that would permit a declara-

---

[3]Section 18—145 was formerly codified as section 222a of the Revenue Act of 1939 (35 ILCS 205/222a (West 1992) (repealed)).

tory judgment action and that, because the tax objection process provides an adequate remedy at law, plaintiffs are not entitled to the declaratory relief they seek. In the field of real estate taxation, the general rule applies that equity will not assume jurisdiction to grant relief where an adequate remedy at law exists. *Schlenz v. Castle*, 115 Ill. 2d 135, 141 (1986); *Clarendon Associates v. Korzen*, 56 Ill. 2d 101, 105 (1973). Independent grounds for equitable jurisdiction in cases involving real estate taxes exist only where a tax is unauthorized by law or where it is levied upon exempt property. *First National Bank & Trust Co. v. Rosewell*, 93 Ill. 2d 388, 392 (1982); *Clarendon*, 56 Ill. 2d at 105. Equitable jurisdiction may also arise where special circumstances exist, such as a fraudulently excessive assessment and the unavailability of an adequate remedy at law. *Hoyne Savings & Loan Ass'n v. Hare*, 60 Ill. 2d 84 (1974); *Clarendon*, 56 Ill. 2d at 105. The same rule holds true with respect to declaratory relief. *Schlenz*, 115 Ill. 2d at 141.

■ Under the Property Tax Code, if a person desires to object to all or any part of a property tax for any reason other than that the property is exempt from taxation, then that person must pay the disputed taxes under protest and file a tax objection complaint. 35 ILCS 200/23—5, 23—10 (West 1994).[4] The complaint contains no allegations to the effect that plaintiffs were unable to contest the alleged errors through the tax objection procedure. The complaint merely alleges that, because the 1994 tax bills have already issued, the purpose underlying section 18—145 can be fulfilled only through the relief plaintiffs sought in the complaint.

■ Because plaintiffs do not claim that their property was exempt from taxation, the tax objection process was certainly available to them. Plaintiffs do not claim that the taxes in question were unauthorized by law but instead assert an error in the calculation of the amount of the taxes. Where, as here, the tax objection procedure provides the taxpayer with an adequate remedy at law, dismissal of a complaint seeking equitable relief is proper. *Schlenz*, 115 Ill. 2d at 142-43; *Rosewell*, 93 Ill. 2d at 392; *Illinois Power Co. v. Henkhaus*, 149 Ill. App. 3d 649, 651-52 (1986). See also *Alexander v. County of Tazewell*, 181 Ill. App. 3d 1070 (1989) (affirming denial of preliminary injunction).

C. *Private Cause of Action Under Section 18—145*

Appellants assert that section 18—145 of the Property Tax Code grants them a cause of action beyond the remedies available through

---

[4]These provisions were formerly codified as sections 194 and 235 (35 ILCS 205/194, 235 (West 1992) (repealed)).

the tax objection process. According to appellants, when the legislature enacted this provision in 1990, it intended to create a new cause of action for tax relief outside the objection process. Appellants claim that this cause of action is available to all taxpayers affected by a county clerk's error in rate calculation or extension of taxes regardless of whether the person seeking relief paid his taxes under protest and filed a tax objection.

Appellants ask us to consider the legislative history of section 18—145, which has its origin in the wake of *Alexander v. County of Tazewell*, 181 Ill. App. 3d 1070 (1989). There, the court affirmed the denial of a preliminary injunction against the distribution of taxes collected when the county clerk had erroneously included increased school district rates in the plaintiffs' tax bills. Although 16 taxpayers in the affected districts paid their taxes under protest, none of the plaintiffs took such action. The court noted that the higher tax rate approved through a referendum was implemented one year early and that there was no dispute that the tax rate used by the county clerk was not proper. Nevertheless, the court held that the tax objection procedure provided an adequate remedy. *Alexander*, 181 Ill. App. 3d at 1072.

After *Alexander*, Senator Luft, whose district encompassed Tazewell County, introduced a bill that ultimately became section 18—145. Both houses of the General Assembly passed the bill without debate. In support of his proposal, Senator Luft stated:

"[I]f a tax is illegally extended and so ruled by the court, the only person that presently benefits under that objection is the individual or individuals that file the objection. What I am trying to do with this amendment is to allow every individual who pays taxes within that district where the tax has been levied illegally, to be able to credit on their next tax statement that money that was illegally extended." 86th Ill. Gen. Assem., Senate Proceedings, May 15, 1989, at 66 (statements of Senator Luft).

When interpreting a statute, the primary rule of construction is to ascertain and give effect to the true intent of the legislature. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). Courts should look to the language of the statute as the best indication of legislative intent and should give the terms of the statute their ordinary meaning. *In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989*, 167 Ill. 2d 161, 168 (1995). Statutes also should be construed in conjunction with other statutes addressing the same subject. *In re Application for Judgment*, 167 Ill. 2d at 168-69. Where the statutory language is clear and unambiguous, the plain and ordinary meaning of the words will be given effect without resorting to extrinsic aids for construction (*e.g.*, legislative history). *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197 (1992).

■ Section 18—145 does not expressly create a cause of action of the sort claimed by plaintiffs. For a court to find that a statute implies a private right of action, the following elements must be satisfied: (1) the plaintiff is a member of the class of persons for whose benefit the legislature enacted the statute, (2) implying a private right of action is consistent with the underlying purpose of the statute, (3) the plaintiff's injury is one the statute was designed to prevent, and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute. *Corgan v. Muehling*, 143 Ill. 2d 296, 312-13 (1991).

In *Noyola v. Board of Education*, 179 Ill. 2d 121 (1997), the court stated that the analysis for determining whether a private right of action should be implied is appropriate only where the plaintiff is attempting to use a statutory enactment as the predicate for a tort action. *Noyola*, 179 Ill. 2d at 132. According to *Noyola*, the Illinois courts have identified the implied statutory action with modern actions based upon the law of the reasonable person. Underlying these cases is the notion that statutes and ordinances designed to protect human life or property establish the standard of conduct required of a reasonable person. *Noyola*, 179 Ill. 2d at 129-30.

■ In *Noyola*, the plaintiffs were the parents of economically disadvantaged school students who brought an action challenging the manner in which the state and local boards of education allocated funds pursuant to a statute designed to enable school districts with modest property tax bases to achieve a minimum level of funding per pupil. The court concluded that, because the plaintiffs were not attempting to use the statute as a predicate for a tort action but instead were attempting to force public officials responsible for implementing the statute to do what the law requires, it was not necessary to examine the criteria for determining whether an implied statutory action exists. As in *Noyola*, plaintiffs' asserted cause of action pursuant to section 18—145 does not fall within the framework for an implied statutory action.

Even if it were appropriate to consider here the criteria for an implied statutory action, plaintiffs would not be able to establish such a right. Although plaintiffs arguably are members of the class for whose benefit section 18—145 was enacted, and their alleged injury arguably is one the statute was designed to remedy, plaintiffs cannot establish that the second and fourth elements of the analysis are present here.

The second element cannot be established because to imply a private right of action would be wholly inconsistent with the purpose of section 18—145 and the Property Tax Code in general. Sections

23—5 and 23—10 provide for the tax objection process. Addressing the tax objection procedure, section 23—15 of the Property Tax Code states:

"The court, sitting without a jury, shall hear and determine all objections specified to the taxes, assessments, or levies in question. This Section shall be construed to provide a complete remedy for any claims with respect to those taxes, assessments, or levies, excepting only matters for which an exclusive remedy is provided elsewhere in this Code." 35 ILCS 200/23—15(b)(1) (West 1996).

Section 23—15 clearly establishes the tax objection proceeding as the exclusive remedy for taxpayers, except in matters where another section of the Property Tax Code provides the exclusive remedy. Section 18—145 does not fall within this exception because it expressly states that the provision for an abatement in the following tax year "shall not deprive any taxpayer of the right to maintain a tax objection under Sections 23—5 and 23—10 challenging the legality of the county clerk's actions." 35 ILCS 200/18—145 (West 1994). Therefore, implying a private cause of action would contravene the clear intent of the legislature as expressed in section 23—15.

Additionally, we note that the complaint seeks what is in substance class-wide relief for all affected taxpayers. To imply the existence of this type of relief likewise would be inconsistent with the overall purpose of the Property Tax Code. Section 23—15(a) sets forth the procedure for filing a tax objection complaint. Although section 23—15(a) permits the joinder of plaintiffs, "no complaint shall be filed as a class action." 35 ILCS 200/23—15(a) (West 1996). In light of the general prohibition against class actions in tax objection proceedings, the justification for implying the existence of such a cause under section 18—145 is weak.

We acknowledge that the pertinent language of section 23—15 has not been in effect during all periods relevant to this litigation.[5] In essence, however, section 23—15 is a codification of the long-standing principle that the tax objection proceeding provides the taxpayer with an adequate remedy at law and that equitable remedies generally should not be implied. Thus, section 23—15 is highly relevant to the consideration of whether implying a cause of action is consistent with the underlying purpose of the statute.

Plaintiffs place great emphasis on the introductory phrase of section 18—145, "Notwithstanding any other provision of law to the contrary," and the proviso that section 18—145 "shall not deprive any

---

[5]The exclusive remedy provision and the prohibition against class action relief became effective July 11, 1995. The legislature removed these provisions, effective January 1, 1996, but reinserted them, effective August 1, 1996.

taxpayer of the right to maintain a tax objection." 35 ILCS 200/18—145 (West 1994). According to plaintiffs, this language reveals the legislature's intent to provide alternate remedies to taxpayers aggrieved by a county clerk's error in the rate calculation or the extension of taxes. We disagree.

When the plain language of sections 18—145 and 23—15 is read together, it becomes clear that implying a private cause of action is not consistent with the purpose underlying the relevant provisions. The apparent injustice that section 18—145 was intended to remedy is the lack of an error-correction mechanism that benefits all affected taxpayers, not only those who filed tax objections. As the trial court properly recognized, when an error is discovered, through a single tax objection proceeding or otherwise, section 18—145 merely grants a county clerk the authority to correct the error as to all affected taxpayers by issuing an abatement in the following tax year. The clear purpose of the language upon which plaintiffs rely is simply to preserve the tax objection process. There is nothing in the statutory scheme, however, suggesting that the legislature intended to expand taxpayers' rights under this process.

Because the language of the relevant sections of the Property Tax Code is clear and unambiguous, it is unnecessary to consider the legislative history of section 18—145. We note, however, that nothing in the legislative history supports appellants' position. In fact, the statements of Senator Luft support the conclusion that the legislature merely intended to create a mechanism by which a county clerk may correct an error so that all affected taxpayers will benefit. Nothing in the scant legislative history suggests that the legislature intended to create a new cause of action for aggrieved taxpayers.

The fourth element of the analysis likewise cannot be satisfied here because implying a cause of action pursuant to section 18—145 is not necessary to provide an adequate remedy for violations of the statute. As we have already concluded, except under limited circumstances not present here, the tax objection process provides an adequate remedy for taxpayers aggrieved by errors in the calculation of tax rates or the extension of taxes. For these reasons, appellants' contention that section 18—145 implies a private cause of action is without merit.

### D. *Mandamus*

Appellants contend that, if an implied cause of action pursuant to section 18—145 does not exist, then this court should permit the matter to proceed as a petition for *mandamus*. The Cook County defendants initially respond that, because the complaint does not contain a count requesting *mandamus* relief and because plaintiffs did

not raise the issue until they filed their reply to the motions to dismiss, we should decline to consider this issue. In *Noyola*, the court examined the plaintiffs' complaint to determine whether it stated a cause of action for *mandamus* despite the fact that the complaint did not expressly seek a writ of *mandamus*. *Noyola*, 179 Ill. 2d at 132. We will similarly examine the complaint here.

■ If public officials have failed to comply with requirements imposed upon them by statute, a court may compel them to do so by a writ of *mandamus*, provided that the requirements for *mandamus* have been satisfied. *Noyola*, 179 Ill. 2d at 132. "*Mandamus* is an extraordinary remedy to enforce, as a matter of right, 'the performance of official duties by a public officer where no exercise of discretion on his part is involved.' " *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999), quoting *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986). A court will not grant a writ of *mandamus* unless the plaintiff can demonstrate a clear, affirmative right to relief, a clear duty of the defendant to act, and clear authority in the defendant to comply with the writ. *Spagnolo*, 186 Ill. 2d at 229. The writ will not lie when its effect is to substitute the court's judgment or discretion for that of the public officer. *Spagnolo*, 186 Ill. 2d at 229. Thus, *mandamus* is not appropriate to regulate a course of official conduct or enforce the performance of official duties generally. *In re F.B.*, 206 Ill. App. 3d 140, 156 (1990).

■ Here, plaintiffs have failed to plead a cause of action for *mandamus*. They merely allege errors in the calculation of tax rates and the extension of taxes that they assert would warrant relief pursuant to section 18—145. However, the right to relief to which they claim to be entitled would not be established until the merits of the claim have been determined in a judicial proceeding. Such is not the office of an action in *mandamus*. The complaint does not allege a situation where there is a clear duty on the part of the county clerk to act. See *In re Application of Anderson*, 313 Ill. App. 3d 578, 584 (2000) (where county clerk submitted form to state department of revenue without filling in any value for farm property in county, *mandamus* was appropriate cause of action to compel department of revenue to perform its ministerial duty of obtaining information it deemed necessary to perform assessment ratio study). Rather, in this case, the claimed duty of the county clerk to act in accordance with section 18—145 remains subject to determination and must be established in a tax objection proceeding, which remains the sole method of objecting to real estate taxes. We offer no opinion as to whether a cause of action in *mandamus* would lie if, through a tax objection, it is determined that an error in rate calculation or extension of taxes as contemplated

in section 18—145 is found to exist and the clerk fails to abate an amount equal to the excess as section 18—145 directs.

### E. *Plaintiffs' Proposed Amended Complaint*

■ Appellants' final contention is that the trial court should have allowed them to file their proposed amended complaint. Defendants respond that, because the moving plaintiffs never sought a hearing on their motion for reconsideration and request to file an amended complaint, the trial court properly denied the motion pursuant to Rule 2.3 of the circuit court of Cook County (Local Rule 2.3), which provides:

"The burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay." Cook Co. Cir. Ct. R. 2.3 (eff. July 1, 1976).

A reviewing court will not disturb the trial court's denial of motions for failure to comply with Local Rule 2.3 unless that decision constitutes an abuse of discretion. *In re Marriage of Izzo*, 264 Ill. App. 3d 790, 792 (1994). Here, the moving plaintiffs timely moved for reconsideration of the dismissal and submitted their request to amend the complaint. Almost nine months passed before defendants requested that the motion be denied pursuant to Local Rule 2.3. In light of the substantial delay involved here, we are unable to conclude that the trial court's ruling constituted an abuse of discretion.

We note additionally that, had the trial court addressed the merits of the motion to file an amended complaint, a denial would have been proper because the proposed amendment does not cure any of the defects giving rise to the dismissal. Because the tax objections of the other taxpayers remained pending at all relevant times, plaintiffs cannot allege a clear, affirmative right to relief. Accordingly, the proposed amended complaint does not state a cause of action for *mandamus*. The injury that the proposed amendments allege is wholly speculative because it is entirely possible that the Cook County clerk will comply with the mandate of section 18—145 if the taxpayers prosecuting the tax objections are successful. Therefore, the proposed amendments fail to allege any legally cognizable claim.

### IV. CONCLUSION

For the foregoing reasons, we conclude that the trial court properly dismissed plaintiffs' complaint. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOFFMAN and SOUTH, JJ., concur.