*In re* OBJECTION TO 2005 TAX LEVY, of La Salle County, Illinois (Tax Objectors, Plaintiffs-Appellants, v. Tax Collector, Defendant-Appellee).

Third District No. 3—08—0782

Opinion filed August 25, 2009.

Thomas H. James (argued), of James & Associates, of Forreston, and Robert K. Slattery, of Freeport, for appellants.

Keith R. Leigh (argued), of Pool, Leigh & Kopko, P.C., of Ottawa, for appellee.

JUSTICE SCHMIDT delivered the opinion of the court:

This appeal involves two tax objection cases regarding the 2005 La Salle County tort immunity levy. Both cases arrive, consolidated for all purposes, under a Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) finding, after the trial judge struck the tax objectors' use of the doctrine of representation and the common fund doctrine at the pleading stage. In essence, the trial court's decision struck the claims of what plaintiffs' attorneys estimate to be 64,000 unnamed taxpayers.

This appeal presents two issues for review: (1) whether the doctrine of representation applies in property tax objection proceedings of the Illinois Property Tax Code (35 ILCS 200/1—1 et seq. (West 2004)); and (2) whether the common fund doctrine may be used in conjunction with tax objection proceedings.

## BACKGROUND

The tax objectors claim that the La Salle County tort levy is unauthorized under the Local Governmental and Governmental

Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/9—101 (West 2004)). The Tort Immunity Act authorizes a local government to levy a tax for the narrow purposes outlined by section 9—107. In the case at bar, La Salle County has allegedly been using its tort levy to pay for the unauthorized costs of employee health insurance, payments for a self-insurance bond, and other costs beyond what is authorized by the Tort Immunity Act.

The objectors filed their original complaint in the La Salle County circuit court. The county collector filed motions to dismiss under sections 2—615 and 2—619 of the Code of Civil Procedure (735 ILCS 5/2—615, 2—619 (West 2004)). The objectors filed a response with a motion to amend the tax objection complaint to allow every taxpayer of record to proceed under the equitable doctrine of representation. The trial court granted the collector's section 2—615 motion to strike the tax objectors' use of the doctrine of representation and the common fund doctrine and denied the collector's section 2—619 motion.

The merits of the tax objection to the levy of almost $7 million have not yet been decided. The trial court held that its striking of the thousands of other "parties" (or the plaintiffs' claim that they could represent the unnamed taxpayers) is one for proper review under Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a). The objectors filed a timely appeal.

## ANALYSIS

### I. Doctrine of Representation

■ The objectors first argue that the doctrine of representation applies in property tax objection proceedings of the Illinois Property Tax Code as an equitable remedy. This presents a question of law; the standard of review is *de novo. People v. Johnson*, 206 Ill. 2d 348, 359, 794 N.E.2d 294, 302 (2002). In rebuttal, the collector argues that the doctrine of representation is not an equitable remedy and, alternatively, that general equitable considerations do not apply to this case. The doctrine of representation is a procedural doctrine that provides an exception to the necessary party rule. The doctrine allows the actual parties to proceed and represent absent and otherwise necessary parties under certain circumstances. *Crum & Forster Specialty Insurance Co. v. Extended Stay America, Inc.*, 375 Ill. App. 3d 654, 666, 873 N.E.2d 964, 974-75 (2007), citing *Oglesby v. Springfield Marine Bank*, 385 Ill. 414, 52 N.E.2d 1000 (1944).

■ Therefore, the threshold question is whether all taxpayers of La Salle County are "necessary" parties in a tax objection proceeding. A necessary party is one who has a legal or beneficial interest in the subject of the litigation and would be affected by the action of the

court. *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 970, 693 N.E.2d 446, 452 (1998). The *Holzer* court explained that there are three reasons to consider a party "necessary" such that the litigation should not proceed in his or her absence: (1) to protect an interest that the party has in the subject matter of the controversy that would be materially affected by the judgment entered in his or her absence; (2) to protect the interests of those who are before the court; and (3) to enable the court to make a complete determination of the controversy. *Holzer*, 295 Ill. App. 3d at 970.

In the case at bar, the plaintiff objectors cite no cases that hold all taxpayers in the county are necessary parties in a tax objection action such as this one. The collector argues that no party has a legal or beneficial interest in another's right to a refund. A taxpayer's individual refund simply does not affect a decision regarding another taxpayer's refund. Moreover, an individual objector does not need other objecting taxpayers to be joined in order for his/her interest or right to a refund to be protected and litigated.

■ The collector further argues that the objector's attempted use of the doctrine of representation is a disguised effort to avoid the express prohibition of a class action. In 1995, the General Assembly removed class actions from the Property Tax Code. 35 ILCS 200/23—15(a) (West 2004). While permitting joinder of plaintiffs, section 23—15(a) provides:

> "A tax objection complaint under section 23—10 shall be filed in the circuit court of the county in which the subject property is located. Joinder of plaintiffs shall be permitted to the same extent permitted by law in any personal action pending in the court and shall be in accordance with Section 2—404 of the Code of Civil Procedure; *provided, however, that no complaint shall be filed as a class action.*" (Emphasis added.) 35 ILCS 200/23—15(a) (West 2004).

The objectors contend that the statutory removal of class actions left them without a legal remedy and, therefore, a complete remedy will only be achieved through the equitable doctrine of representation. Moreover, the statute forbidding the filing of a statutory class action cannot deny an Illinois court its constitutional authority to exercise judicial power which is vested solely in the judiciary (Ill. Const. 1970, art. VI, §I). The objectors argue that for well over 100 years, both the United States Supreme Court and the Illinois Supreme Court have recognized the equitable nature of the doctrine of representation. *Smith v. Swormstedt*, 57 U.S. (16 How.) 288, 302-03, 14 L. Ed. 942, 948-49 (1853); *Hale v. Hale*, 146 Ill. 227, 257, 33 N.E. 858, 867 (1893).

The objectors cite numerous cases in an attempt to characterize the doctrine of representation as an equitable remedy. However, after careful review, we find that they did not cite a single case that characterizes the doctrine in this way. In fact, another similar effort to obtain class-wide relief was rejected in *Givot v. Orr*, 321 Ill. App. 3d 78, 746 N.E.2d 810 (2001). In *Givot*, the plaintiffs sought declaratory relief under section 18—145 of the Property Tax Code due to an alleged error in the calculation of tax rates. 35 ILCS 200/18—145 (West 1994). Essentially, the plaintiffs sought a judgment declaring that the clerk's inflation of the tax was an error and ordering the clerk to abate an amount equal to the alleged error from the property taxes the following year. The *Givot* court held that the statutory tax objection procedure was an adequate remedy at law precluding equitable relief, thereby denying what was in substance class-wide relief. *Givot v. Orr*, 321 Ill. App. 3d at 88.

Alternatively, the collector argues that even if the doctrine of representation were an equitable remedy, it still would not apply to this proceeding. We agree. With regard to real estate taxation, the general rule applies that equity will not assume jurisdiction to grant relief where an adequate remedy at law exists. *Clarendon Associates v. Korzen*, 56 Ill. 2d 101, 110, 306 N.E.2d 299, 301 (1973). The case at bar is a statutory objection proceeding and the remedy sought by the objectors is a refund of certain taxes paid to the County of La Salle. Under the Property Tax Code, the Illinois legislature provides every taxpayer with a legal remedy. See 35 ILCS 200/23—5 (West 2004).

We recognize the difficulty in the ability of each and every taxpayer to receive notice of an unauthorized tax and to bring an individual suit to collect a refund. This would be practically unworkable in smaller counties, let alone our more populated counties where millions of taxpayers are affected by every levy. However, what plaintiffs are asking us to do is to create a new legal doctrine that would override the clear will of the legislature with respect to the Illinois Property Tax Code. This is the appellate court, not the supreme court and not the legislature.

■ Accordingly, based upon our review of the law we find that the doctrine of representation does not apply to the case at bar. It is a procedural doctrine that provides an exception to the necessary party rule. The remaining property owners cannot be considered necessary parties to the action; no party has a legal or beneficial interest in another's right to a refund.

## II. Common Fund Doctrine

■ The objectors next contend that the common fund doctrine applies to the instant tax objection proceeding. The doctrine permits a

party who creates, preserves, or increases the value of a fund in which others have an ownership interest to be reimbursed from that fund for litigation expenses incurred, including counsel fees. *Morris B. Champman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 572-73, 739 N.E.2d 1263, 1271 (2000).

As discussed in the foregoing section, the objectors have no legally recognized ownership interest in anything other than their individual real estate taxes. Therefore, the doctrine of representation does not apply to the case at bar. The plaintiff objectors are not eligible to bring a claim on behalf of other taxpayers and no common fund can be created.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

LYTTON and WRIGHT, JJ., concur.