# Illinois Official Reports

## Appellate Court

*Dumas v. Pappas*, 2014 IL App (1st) 121966

| | |
|---|---|
| Appellate Court Caption | BETTY J. DUMAS and JEROME CASIMIR, Plaintiffs-Appellants, v. MARIA PAPPAS, Cook County Treasurer and *ex officio* County Collector, DAVID ORR, Cook County Clerk, and JOSEPH BERRIOS, Cook County Assessor, Defendants-Appellees. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-1966 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | December 13, 2013<br><br>February 3, 2014<br>February 7, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of plaintiffs' petition for a writ of *mandamus* and a declaratory judgment against the county treasurer, county clerk, and county assessor with prejudice and without leave to amend was affirmed, notwithstanding plaintiffs' allegations of errors in the calculation of their property taxes, since plaintiffs failed to exhaust their administrative remedies, failed to state a cause of action for the issuance of a writ of *mandamus*, and failed to allege that their property was exempt or that the real estate taxes were unauthorized by law, they were not entitled to amend their petition, and they could not allege additional facts establishing subject matter jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-2120; the Hon. Michael B. Hyman, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Betty J. Dumas-Casimir and Jerome J. Casimir, of Chicago, appellants *pro se*. |
| | Anita M. Alvarez, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Tatia Gibbons, and Julie Ann Sebastian, Assistant State's Attorneys, of counsel), for appellees. |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion. Presiding Justice Rochford and Justice Lampkin concurred in the judgment and opinion. |

## OPINION

¶ 1     The *pro se* plaintiffs, Betty J. Dumas and Jerome J. Casimir, appeal from an order of the circuit court of Cook County dismissing their petition for a writ of *mandamus* and for a declaratory judgment against the defendants, Maria Pappas, Cook County treasurer, David Orr, Cook County clerk, and Joseph Berrios, Cook County assessor. On appeal, the plaintiffs contend that the circuit court erred in dismissing the petition and that they should have been allowed to amend the petition. For the reasons set forth below, we affirm the judgment of the circuit court.

¶ 2     On January 20, 2012, the plaintiffs filed a *pro se* petition seeking a writ of *mandamus* ordering defendant Orr to recompute the plaintiffs' property tax bills for the years 2007 through 2011 and for a judgment declaring that the overassessment of their real property was unlawful since it was based on an improper method of valuation, erroneous billings and lack of notice of the sale of the property. In support of the petition, the plaintiffs alleged that in January 2007, they were the owners of real property located at 3620 South Calumet Avenue, Chicago. In 2007, a fire destroyed the structure on the property, and the property was vacant for the remainder of 2007 and 2008.

¶ 3     The plaintiffs alleged that errors occurred in the assessment of their property based on the following facts:

    A. For the 2007 tax year, the property had an assessed value of $5,706, an equalized value of $5,706 and was subject to $783.61in real estate taxes.

    B. For the 2008 tax year, the now-vacant property had an assessed value of $28,037 and was subject to $3,116.68 in real estate taxes.

- 2 -

C. For the 2009 tax year, the property had an assessed value of $3,360, an equalized value of $3,360 and was subject to $2,295.27 in real estate taxes.

D. For the 2010 tax year, the property had an assessed valuation of $3,360, an equalized value of $3,360 and was subject to $546.75 in real estate taxes.

¶ 4      The plaintiffs alleged they paid the 2003 through 2006 real estate taxes. They believed they paid the 2007 taxes and owed no outstanding taxes. On February 24, 2009, the plaintiffs paid the first installment of their property tax in the amount of $391.81. They denied receiving a tax bill for 2007 or a notice of unpaid taxes. They also denied receiving the statutory notices of a tax sale for the years 2006 and 2007 or that a petition for a tax deed had been filed. They further alleged that on January 13, 2011, they contested the erroneous assessments for the years 2007 through 2009, by filing an application for a certificate of error with the county assessor. They never received a decision from the assessor or a response to their application.

¶ 5      The defendants filed a motion to dismiss the petition pursuant to section 2-619.1 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619.1 (West 2010) (a combined motion under sections 2-615 and 2-619 of the Code)). The defendants sought dismissal of the petition under section 2-615 of the Code based on the plaintiffs' failure to state a cause of action for *mandamus*. They also sought dismissal under section 2-619 of the Code based on the lack of subject matter jurisdiction.

¶ 6      In granting the motion to dismiss, the circuit court determined that the petition failed to set forth sufficient facts to support the plaintiffs' cause of action for the issuance of a writ of *mandamus*. The court further found that the failure of the plaintiffs to file a tax objection complaint prevented the court from hearing the claim. The court dismissed the petition with prejudice. The plaintiffs appeal.

¶ 7                                   ANALYSIS

¶ 8      The plaintiffs contend that their petition stated a cause of action for *mandamus* based on their allegation that assessor Berrios failed in his duty to act on their application for a certificate of error. The plaintiffs further contend that it was error to dismiss the petition with prejudice without allowing them an opportunity to file an amended petition.

¶ 9                              I. Dismissal of the Petition
¶ 10                              A. Standard of Review
¶ 11      This court reviews the dismissal of a complaint pursuant to sections 2-615 and 2-619 *de novo*. See *R&B Kapital Development, LLC v. North Shore Community Bank & Trust Co.*, 358 Ill. App. 3d 912 (2005) (section 2-615 dismissal); *Schrager v. Bailey*, 2012 IL App (1st) 111943 (section 2-619 dismissal).

¶ 12      In reviewing an order dismissing a complaint for failure to state a cause of action, the court accepts as true all well-pleaded facts and all reasonable references that may be drawn from those facts. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). The allegations in the complaint are construed in the light most favorable to the plaintiff, and the complaint

should be dismissed only where no set of facts can be proved entitling the plaintiff to recovery. *Marshall*, 222 Ill. 2d at 429. A plaintiff must allege sufficient facts, not simply conclusions, to bring a claim within a legally recognizable cause of action. *Marshall*, 222 Ill. 2d at 429-30.

¶ 13                                    B. Discussion

¶ 14    In support of their claim for a writ of *mandamus*, the plaintiffs alleged that assessor Berrios refused and failed to respond to their January 13, 2011, certificate of error application. The procedure governing the issuance of certificates of error is set forth in section 14-15 of the Property Tax Code. 35 ILCS 200/14-15 (West 2010). Section 14-15 provides in pertinent part as follows:

> "[I]f *** the county assessor discovers an error or mistake in the assessment, the assessor shall execute a certificate setting forth the nature and cause of the error. The certificate when endorsed by the county assessor, or when endorsed by the county assessor and board of appeals *** where the certificate is executed for any assessment which was the subject of a complaint filed in the board of appeals ***, may, either be certified according to the procedure authorized by this Section or be presented and received in evidence in any court of competent jurisdiction. Certification is authorized, at the discretion of the county assessor, for: (1) certificates of error allowing homestead exemptions ***; (2) certificates of error on residential property of 6 units or less; (3) certificates of error allowing exemption of [tax exempt] property ***; and (4) other certificates of error reducing assessed value by less than $100,000. Any certificate of error not certified shall be presented to the court. The county assessor shall develop reasonable procedures for the filing and processing of certificates of error." 35 ILCS 200/14-15(a) (West 2010).

¶ 15    Where a public official has failed or refused to comply with requirements imposed by statute, the court may compel the official to comply with the statutory requirement by means of a writ of *mandamus*, provided the requirements for the writ have been satisfied. *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 132 (1997). Although an extraordinary remedy, *mandamus* proceedings are governed by the pleading rules applicable to actions at law. *Noyola*, 179 Ill. 2d at 133. A plaintiff seeking a writ of *mandamus* must "demonstrate a clear, affirmative right to relief, a clear duty of the defendant to act, and clear authority in the defendant to comply with the writ." *Givot v. Orr*, 321 Ill. App. 3d 78, 90 (2001). However, *mandamus* cannot be used to compel a public official to perform an act which requires the exercise of his discretion. *Hadley v. Ryan*, 345 Ill. App. 3d 297, 301-02 (2003) (*mandamus* could not be used to compel the Attorney General to prosecute a claim; by statute, the decision to prosecute was within his discretion).

¶ 16    In Illinois, a taxpayer has neither a statutory nor constitutional right to participate in a certificate of error procedure. *Ball v. County of Cook*, 385 Ill. App. 3d 103, 105 (2008); see *Chicago Sheraton Corp. v. Zaban*, 71 Ill. 2d 85, 91 (1978) (legislature intended the certificate of error procedure to be an expeditious summary process without the participation by the taxpayer for correcting the assessor's errors). Moreover, section 14-15 gives the assessor

- 4 -

discretion to execute a certificate of error in certain instances, such as where the residential property is six units or less or where the assessed valuation would be reduced by less than $100,000. 35 ILCS 200/14-15(a) (West 2010). Based on the allegations in and the exhibits to the petition, the plaintiffs' property was less than six units and the assessed valuation would be reduced by less than $100,000. Since the assessor's duty was discretionary, the plaintiffs failed to state a cause of action for the issuance of a writ of *mandamus*.

¶ 17        In any event, the plaintiffs cannot prevail on their request for *mandamus* or a declaratory judgment because the circuit court lacked subject matter jurisdiction to grant such relief. Our supreme court has recognized that the Property Tax Code is a comprehensive statute regulating the assessment and collection of taxes. *Millennium Park Joint Venture, LCC v. Houlihan*, 241 Ill. 2d 281, 295 (2010). Prior to seeking relief in the circuit court for an incorrect assessment, a taxpayer must first exhaust his administrative remedies provided by the statute, beginning with the board of review. *Millennium Park Joint Venture, LCC*, 241 Ill. 2d at 295. "[T]he Board of Review may revise or correct an assessment as appears to be just on complaint by a taxpayer that 'any property is overassessed, underassessed, or exempt.' " *Millennium Park Joint Venture, LCC*, 241 Ill. 2d at 296 (quoting 35 ILCS 200/16-95 (West 2008), citing 35 ILCS 200/16-120 (West 2008)). The taxpayer then may either appeal to the Property Tax Appeal Board or file a tax objection complaint in the circuit court specifying the objections to the tax. *Millennium Park Joint Venture, LCC*, 241 Ill. 2d at 296; 35 ILCS 200/16-160, 23-15 (West 2010). "[T]he adequate remedy at law is to pay the taxes under protest and file a statutory objection." *Millennium Park Joint Venture, LCC*, 241 Ill. 2d at 296. Only where the tax is unauthorized by law or where it is levied on tax-exempt property may the taxpayer bypass the statutory remedy and seek injunctive or declaratory relief in the circuit court. *Millennium Park Joint Venture, LCC*, 241 Ill. 2d at 296.

¶ 18        In this case, the plaintiffs failed to allege that their property was tax exempt or that the real estate tax on their property was unauthorized by law. They did allege that the assessment was illegal and unlawful. However, "a true 'unauthorized by law' challenge arises where the taxing body has no statutory power to tax in a certain area or has been given no jurisdiction to tax a certain subject, as opposed to a complaint that merely alleges procedural errors or irregularities in the taxing process, in which case equity relief would not be available." *Millennium Park Joint Venture, LCC*, 241 Ill. 2d at 307.

¶ 19        The plaintiffs failed to allege that they exhausted their administrative remedies prior to filing their petition or that their property was tax exempt. The allegations in the petition did not establish that the tax was unauthorized by law. Therefore, the circuit court lacked subject matter jurisdiction to grant them *mandamus* relief or grant them the declaratory judgment they requested. Compare *Millennium Park Joint Venture, LCC*, 241 Ill. 2d at 308 (where the tax assessment was "unauthorized by law," the circuit court had subject matter jurisdiction to rule on the merits of the suit for declaratory and injunctive relief). In the absence of subject matter jurisdiction, dismissal of the petition was proper.

¶ 20                          II. Dismissal With Prejudice Without Leave to Amend

¶ 21       The plaintiffs contend that the circuit court erred in dismissing their petition with prejudice. Relying on section 14-109 of the Code, they argue that seeking the wrong remedy was not fatal to their cause of action and that they should have been allowed to amend their complaint. The defendants point out that the plaintiffs did not file a motion seeking leave to amend. Issues not raised in the trial court are forfeited and may not be raised for the first time on appeal. *In re Marriage of Romano*, 2012 IL App (2d) 091339, ¶ 85. Even if we were to consider the issue, no error occurred.

¶ 22       Section 14-109 provides in pertinent part as follows:

> "Where [*mandamus*] relief is sought *** and the court determines, on motion directed to the pleadings, or on motion for summary judgment or upon trial, that the plaintiff has pleaded or established facts which entitle the plaintiff to relief but that the plaintiff has sought the wrong remedy, the court shall permit the pleadings to be amended, on just and reasonable terms, and the court shall grant the relief to which the plaintiff is entitled on the amended pleadings or upon the evidence." 735 ILCS 5/14-109 (West 2010).

¶ 23       The plaintiffs' reliance on section 14-109 is misplaced. Section 14-109 gives a plaintiff the right to amend where he has alleged sufficient facts but sought the wrong remedy. In this case, the circuit court determined that the plaintiffs failed to allege sufficient facts to support their right to relief. Therefore, the plaintiffs were not entitled to amend their petition under section 14-109.

¶ 24       Moreover, filing an amended pleading would not cure the defect in the original petition. Since the plaintiffs could allege no additional facts establishing subject matter jurisdiction, the circuit court did not err in dismissing the petition with prejudice without leave to amend. See *Hadley*, 345 Ill. App. 3d at 303-04 (denial of leave to file an amended complaint was not an abuse of discretion where the amended complaint would not have cured the defects in the original complaint).

¶ 25                                        CONCLUSION

¶ 26       The dismissal of the plaintiffs' petition for writ of *mandamus* and declaratory judgment was proper for the reasons stated above. The dismissal of the petition with prejudice and without leave to amend was not error.

¶ 27       The judgment of the circuit court is affirmed.

¶ 28       Affirmed.